THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *PREMLATA BAID* and *CHANDRA PRAKASH BAID*, <br><br> Plaintiffs, <br><br> v. <br><br> *NAUTILUS, INC., a Washington Corporation,* <br><br> and <br><br> *The JEWISH COMMUNITY CENTER, a Missouri non-profit corporation,* <br><br> Defendants. | Cause No. 10-cv-622 <br><br><br> **DEFENDANT DEMANDS TRIAL BY JURY** |

## STIPULATED PROTECTIVE ORDER

This Matter, having come before the Court on Plaintiffs, Premlata Baid and Chandra Prakash Baid's, and Defendants, Nautilus, Inc., and The Jewish Community Center's, Joint Motion for Protective Order (Doc. ___), and it appearing that documents produced or that may later be produced purportedly constitute trade secret and/or other confidential research, development, competitive, or commercial information as such terms may be defined and used under the laws of the state of Missouri and under the Federal Rules of Civil Procedure, and it further appearing that judicial economy will be served by entering of this Order,

IT IS HEREBY ORDERED THAT:

2617657\2                                                                                         1

1. This Order shall govern documents and other material or information ("Litigation Materials") produced, formally or informally, in the course of litigation, including but not limited to documents, data, things, information, deposition testimony, and answers to discovery.

2. As used in this Order, "Confidential Material" shall refer to any document or other Litigation Materials, or any portion thereof, designated as confidential, as well as information contained in or derived from such documents or other Litigation Materials.

3. Any party may designate (the "Designating Party") any Litigation Materials as confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility thereof the following, or otherwise appropriate, notice: "Confidential Material subject to Protective Order entered in *Baid v. Nautilus, Inc., et al.*" Such designation shall be made in good faith and constitute a representation by the Designating Party that it has a reasonable basis to believe the material so designated is appropriate for the protection provided in this Order and that it is entitled to claim such protection for the material.

4. Confidential Material and any copy thereof and any notes or summaries made therefrom shall not be used by any party receiving it, including such party's attorney or other representatives including expert witnesses, for any purpose other than the litigation of this action.

5. All Confidential Material received by an attorney shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

6. Confidential Material and any copies thereof, and notes or excerpts made therefrom, shall be disclosed only to "Qualified Persons," and only to the extent necessary for the litigation of this action. Qualified Persons are limited to:

    (a) Counsel of record for the parties and the parties themselves;

      (b)      The nontechnical and clerical staff employed by Counsel of record;

      (c)      The independent personnel retained by Counsel of record to furnish technical or other expert services or advice or to give expert testimony;

      (d)      Court reporters and deposition transcript reporters; and

      (e)      The Court and its authorized staff.

7.      In addition, any attorney receiving the Confidential Material during the course of discovery shall take all necessary steps to ensure that all persons receiving Confidential Material (a) maintain such material in a protected and secure manner, with access restricted at all times to Qualified Persons, and (b) abide by the terms of this Protective Order.

8.      Except as expressly provided in Paragraph 6 above, should any party desire to disclose Confidential Material to anyone in addition to Qualified Persons, such party shall provide the Designating Party fourteen days prior written notice of the intent to disclose Confidential Material to such additional person(s), which notice shall state the name and address of the additional person(s) and the reason(s) review by such additional person(s) is desired. If the Designating Party objects in writing to such disclosure within that fourteen day period, then such Confidential Material will not be disclosed unless and until this Court overrules the Designating Party's objection.

9.      Any and all experts, consultants, or Qualified Persons to whom Confidential Material subject to this Protective Order is disclosed, or anyone in addition to Qualified Persons to whom Confidential Material subject to this Protective Order is disclosed as provided in Paragraph 8, shall be presented with a copy of this Protective Order. Those experts, consultants, Qualified Persons, and other persons shall not give, show, or otherwise directly or indirectly disclose any of the Confidential Material subject to this Protective Order, or the substance

thereof, or the existence thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person except as may be necessary in preparing to render or in rendering expert advice or assistance in this lawsuit only.

10. At the conclusion of the work of such experts, consultants, Qualified Persons, or other persons as described in Paragraphs 6, 8, or 9 herein, all Confidential Material and all copies, prints, negatives, and summaries thereof shall be returned to the attorneys who retained the expert, consultant, Qualified Person, or other person, or who otherwise provided access to the Confidential Material. At the time of such redelivery, the expert, consultant, Qualified Person, or other person shall provide an affidavit affirming that at all times the affiant has abided by the terms of this Protective Order and that all Confidential Material in the affiant's custody or control, and all Confidential Material the affiant disclosed to Qualified Persons or to other persons, has been retrieved and returned to the attorneys who retained the expert, consultant, Qualified Person, or other person, or who otherwise provided access to the Confidential Material. Such Affidavit shall be returned to the attorneys who provided access to the Confidential Material and maintained by them.

11. If Confidential Material is utilized or referred to during depositions, any party may request and require that only Qualified Persons, the deponent, and the reporter shall be present. A party shall, either at the deposition itself, or within fourteen days after actual receipt of the transcript thereof, notify all other parties and the deponent on the record or in writing, that the information is confidential and shall designate the transcript or portions thereof for which such claim is made. The transcript or portions thereof, including exhibits, for which confidentiality is claimed shall be bound separately under seal and prominently marked "Confidential Material subject to Protective Order entered in *Baid v. Nautilus, Inc., et al.*" Any

2617657\2                                              4

and all computer-readable versions of the deposition or portions thereof shall also be so marked. If notification of confidentiality is made other than at the deposition itself, the court reporter shall upon request provide any party with a list of persons to whom transcripts and/or exhibits have already been sent, and all parties shall cooperate in ensuring that all originals or copies of such transcripts or exhibits, including those in computer-readable form, are appropriately marked and separately bound. The court reporter shall be advised to limit the distribution of the confidential portion(s) of the transcripts and exhibits to specified Counsel and to the deponent or his or her attorney. The deponent shall be instructed in advance that he or she may not disclose Confidential Material or the information contained therein.

12. Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court, but only to the extent reasonably necessary for the litigation of this action and provided that such documents shall be filed with the Clerk of Court under seal and prominently marked "Confidential Material subject to Protective Order entered in *Baid v. Nautilus, Inc., et al.*"

13. If a party disagrees with a claim of confidentiality, such party shall notify the Designating Party in writing. If the dispute cannot be resolved by agreement, such Confidential Material shall be kept confidential unless, within thirty days of receipt by the Designating Party of such notice or such other time period as the parties may agree upon, the party objecting to the designation applies to this Court for an Order specifically excepting the challenged information from confidential treatment. If such a motion is filed, the information shall be kept confidential pending a ruling by this Court and the conclusion of any and all proceedings and appeals challenging such ruling. If such motion is not filed within the applicable time period, such

2617657\2                    5

information shall be kept confidential and the party objecting to the designation shall be deemed to have waived its objection.

14. This Protective Order shall survive the termination of this action. All Confidential Material shall retain that designation and shall remain subject to this Protective Order until such time, if ever, as the Court renders a decision that any challenged material shall not be covered by the terms of this Protective Order and any and all proceedings and appeals challenging such decision shall have been concluded.

15. Upon final termination of this action, all Confidential Material, including each copy thereof, and each document and copy thereof that incorporates or references, in whole or in part, any Confidential Material or information contained therein, including but not limited to notes or summaries concerning or pertaining to such Confidential Material, shall be returned to the Designating Party no later than fourteen days after the ultimate disposition of this case. The recipient party shall then provide an affidavit affirming that at all times the party has abided by the terms of this Protective Order and that all Confidential Material in the affiant's custody or control, and all Confidential Material affiant disclosed to Qualified Persons or others, has been retrieved and returned to the Designating Party.

**IT IS SO ORDERED.**

*Protective order to be lifted on Jan. 1, 2014*

Date: __1/19/11__    _____
                    UNITED STATES DISTRICT JUDGE